UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **AMERICAN GENERAL LIFE INSURANCE COMPANY,** | } } } |
| **Plaintiff,** | } } Case No.: 7:15-cv-00249-RDP |
| v. | } } |
| **ANGELYN C. MARTIN, et al.,** | } } |
| **Defendants.** | |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff's Motion for Default Judgment (Doc. 13), filed May 14, 2015. Plaintiff's Motion seeks a Rule 55(b) default judgment against Defendants for certain declaratory relief. Rule 55 (b) states in relevant part:

(b) Entering a Default Judgment.

(1) *By the Clerk*. If the plaintiff's claim is for a sum certain or for a sum which can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor or incompetent person.

(2) *By the Court*. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.

Fed. R. Civ. P. 55(b)(1),(2).

The court finds that all of the requirements of Rule 55(b)(2) are satisfied in this case. This action was commenced on February 11, 2015. (Doc. 1). Each Defendant was personally served by Special Process Server with a Summons and Complaint containing all the required

information.  (Docs. 8, 9).  There is nothing in the record to suggest that Defendants are minors, incompetent, or serving in the United States Military or armed forces.  (Docs. # 8, 13-1).

To date, Defendants have neither filed anything with the court in their defense nor contacted the court in any manner about this case, despite the fact that they were served with summons and complaints.  Therefore, on May 12, 2015 Plaintiff moved the clerk of the court for entry of default (Doc. 10), and default was entered against Defendants by the Clerk of Court on that same day.  (Doc. 12).

As Defendants have not appeared in this action, the court is not required to provide them with written notice of Plaintiff's motion seeking default judgment prior to entering judgment. *See* Fed. R. Civ. P. 55(b)(2).  Finally, because Plaintiff seeks only a declaratory judgment and not damages, "all essential evidence is already of record," and an evidentiary hearing is not required.  *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. 1981) ("Rule 55(b)(2) does not require the district court to hold either an evidentiary hearing or oral argument on a motion for a default judgment.") (citing *Thomas v. United States*, 531 F.2d 746, 748 (5th Cir. 1976) ("Taxpayer's first contention that the district court should have held an evidentiary hearing and/or oral argument on the motion is without merit. All the essential facts were of record.")).[1]

Accordingly, the court will, by separate order, grant Plaintiff's Motion for Final Default Judgment against Defendants and enter a default judgment in favor of Plaintiff and against Defendants that is consistent with this Memorandum Opinion.

---

[1] The Eleventh Circuit has noted that, in any event, "[a]n evidentiary hearing is not a *per se* requirement; indeed, Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone."  *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (citing Fed. R. Civ. P. 55(b)(2) ("[T]he court may conduct such hearings . . . .")).

**DONE** and **ORDERED** this May 18, 2015.

_____

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE